**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| JERRELL REDDIC, ) | |
| ) | No. 8:12-cv-00232-DCN |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WARDEN LEROY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Jerrell Reddic, a state prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254. Respondent filed a motion for summary judgment. The matter was reviewed by the magistrate judge, who submitted a Report and Recommendation (R&R), recommending that respondent's motion for summary judgment be granted and the petition be denied. Petitioner filed objections to the R&R, and this matter is now ripe for review.

## I.  BACKGROUND

Reddic was indicted for murder in April 2002. On September 11, 2003, Reddic pled guilty to the indictment, and on September 15, 2003, he was sentenced to life imprisonment. No direct appeal was filed. On May 25, 2004, Reddic filed a pro se application for post conviction relief (PCR), alleging ineffective assistance of counsel and unknowing and unintelligent guilty plea.

Among other claims, Reddic asserted he did not appeal his sentence because plea counsel failed to file a notice of appeal. A hearing was held on November 7, 2006, where Reddic was represented by Charles T. Brooks, III (Brooks). Reddic and his plea counsel, John Loy, both testified at the hearing. On December 12, 2006, the PCR court issued a

1

written order dismissing Reddic's application. Brooks filed a notice of appeal with the South Carolina Supreme Court, but on February 7, 2007, the court dismissed the appeal because notice was not timely served.

On June 9, 2008, Reddic filed a second PCR application with Brooks as counsel. In the application, Reddic alleged Brooks failed to file a timely notice of appeal of the first PCR action and requested a belated appeal of the denial of his first PCR application under Austin v. State, 409 S.E.2d 395 (S.C. 1991).[1] The PCR court entered a consent order on July 2, 2008, allowing Reddic to appeal the denial of his first PCR application. Reddic filed a notice of appeal on July 8, 2008. On April 13, 2009, M. Celia Robinson (Robinson) of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari pursuant to Austin in the South Carolina Supreme Court. Robinson also filed a petition for writ of certiorari pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974), arguing, *inter alia*, that the PCR court erred in denying a belated direct appeal.[2]

On January 24, 2011, the South Carolina Court of Appeals granted Reddic's petition for writ of certiorari under Austin to conduct a belated review of the denial of the first PCR application. Following its review, the court found that evidence supported the denial of the first PCR application and ruled that plea counsel was not ineffective in failing to file a direct appeal. The court also held that Reddic was not entitled to a belated direct appeal pursuant to White. Remittitur was issued on February 23, 2011.

---

[1] "An Austin appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review." Odom v. State, 523 S.E.2d 753, 756 (S.C. 1999).

[2] In White, the South Carolina Supreme Court held that where a PCR judge determines an applicant did not freely and voluntarily waive his direct appeal rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues to determine if there was reversible error. White, 208 S.E.2d at 39-40.

On January 19, 2012, Reddic, unrepresented at the time, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting nine grounds for relief. On April 12, 2012, respondent filed a motion for summary judgment, and through counsel, Reddic filed a response in opposition on July 16, 2012. In his response in opposition, Reddic narrows his habeas petition to the following four grounds for relief[3]:

- **Ground Two**: Was counsel ineffective where he failed to advise Petitioner on defense of voluntary manslaughter?

- **Ground Three**: The PCR judge erred in denying relief despite plea counsel's provision of ineffective assistance of counsel which resulted in Petitioner's entering an involuntary guilty plea where plea counsel persuaded Petitioner to plead guilty by wrongly telling him that he was not eligible for a manslaughter charge.

- **Ground Seven**: The PCR judge erred in finding that Petitioner was not entitled to a belated direct appeal.

- **Ground Nine**: Was Petitioner's guilty plea knowingly and intelligently entered into?

Pet'r's Resp. Opp. Resp't's Mot. Summ. J. 3.

Respondent asserts that the habeas petition must be dismissed as it was filed outside of the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In her R&R filed on August 13, 2012, the magistrate judge agrees with respondent and recommends that this court dismiss the entire petition as untimely. Reddic filed timely objections on August 30, 2012.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C.

---

[3] In his response in opposition to respondent's motion for summary judgment, Reddic "withdraw[s] Grounds One, Four, Five, Six and Eight" from his original habeas petition. Pet'r's Resp. Opp. Resp't's Mot. Summ. J. 3.

636(b)(1).  The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration.  28 U.S.C. § 636(b)(1).

AEDPA provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The statute requires a petitioner to exhaust available remedies in state court before the federal court may consider a claim.  Id. § 2254(b)(1)(A).  Further, AEDPA requires that a petition for writ of habeas corpus be filed within one year from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1). Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

### III.  DISCUSSION

Reddic does not object to the magistrate judge's determination that the AEDPA statute of limitations expired as to Grounds Two, Three, and Nine of the habeas petition. Under 28 U.S.C. § 2244(d)(1)(A), a total of 245 days passed between the date Reddic's conviction and sentence became final and the date he filed his first PCR application. Remittitur was issued by the South Carolina Court of Appeals on February 23, 2011, giving Reddic four months to file a federal habeas petition. However, the petition was not filed until January 19, 2012.[4]

Reddic raises two central arguments in his objections to the R&R. First, he contends that equitable tolling should apply to his untimely claims. Pet'r's Obj. 2. Second, he argues that the magistrate judge applied the wrong date on which the statute of limitations began to run on Ground Seven—his claim that the state courts erred in finding he was not entitled to a belated direct appeal—and contends this claim is timely. Id. at 4.

---

[4] In addition, more than a year passed between the date on which the South Carolina Supreme Court dismissed Reddic's appeal of the denial of his first PCR application as untimely and the filing of a second PCR application under Austin. This time period would not be tolled because Reddic did not have a properly filed PCR application "pending." See Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2011) (disallowing tolling during this "Post Deadline Period"); Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003) (finding that AEDPA's § 2244(d)(2) "statutory tolling provision does not encompass the period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court"); Israel v. McCall, No. 11-2999, 2012 WL 3877669, at *2 (D.S.C. Sept. 6, 2012) (adopting the R&R's finding that time is not tolled between the conclusion of an initial PCR and the filing of an "Austin PCR application because there is no proceeding pending during that time").

### A. Equitable Tolling

First, Reddic contends he is entitled to equitable tolling due to plea counsel's and PCR counsel's alleged ineffective assistance in failing to file timely notices of appeal. For a court to find a petitioner is entitled to equitable relief, he must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented him from making a timely filing. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly" and is reserved for situations "where the claimant has actively pursued his judicial remedies . . . or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Reddic has presented no evidence that he was diligently pursuing his remedies during the 245 days after his sentencing such that he should be granted equitable tolling based on the failure to file a direct appeal. In fact, he concedes that the "state record does not contain any evidence that he contacted defense counsel about the appeal." Pet'r's Obj. 3. Similarly, Reddic took no action for more than a year between the date on which the South Carolina Supreme Court dismissed his appeal of the denial of his first PCR application as untimely and the filing of a second PCR application. On this point, the court agrees with the magistrate judge that "there is no indication that Petitioner followed up with Brooks," Reddic's PCR counsel, "following the dismissal of the appeal from the denial of Petitioner's first PCR application, and Petitioner has not argued he did not know the appeal had been dismissed." R&R 23 n.14. Thus, even if the failure to file a direct appeal or timely appeal of the denial of the first PCR application constitutes

extraordinary circumstances, Reddic has not presented evidence that he was diligently pursuing his rights. The court finds equitable tolling is not warranted and grants summary judgment to respondent on grounds Two, Three, and Nine of Reddic's habeas petition.[5]

### B. Application of § 2244(d)(1)(D)

Second, Reddic objects that the magistrate judge erred in not applying 28 U.S.C. § 2244(d)(1)(D) to Ground Seven of his habeas petition—his claim that the state courts erred in finding he was not entitled to a belated direct appeal. Section 2244(d)(1) provides that the one-year AEDPA limitations period "shall run from the *latest* of" four enumerated scenarios. 28 U.S.C. § 2244(d)(1) (emphasis added). As discussed above, § 2244(d)(1)(A) initiates the statute of limitations on the date on which conviction becomes final. However, § 2244(d)(1)(D) provides for the statute of limitations to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In a footnote, the magistrate judge wrote, "[B]ecause Petitioner indicated on his first PCR application that his plea counsel did not file a direct appeal, Petitioner knew the factual predicate for his ineffective assistance claim based on the failure to file a direct appeal at least as of the date he filed his first PCR application." Mag. R&R 24 n.15

---

[5] Reddic also contends that the failure of the state courts to grant a belated direct appeal justifies equitable tolling. Pet'r's Obj. 3. Reddic cites Jimenez v. Quarterman, 555 U.S. 113 (2009), which held that where a state court permits an out-of-time direct appeal, the date of finality of conviction under 28 U.S.C. § 2244(d)(1)(A) is the date the out-of-time appeal concludes. Id. at 120. Unlike the petitioner in Jimenez, Reddic was never granted a belated direct appeal, so Jimenez is inapplicable at this time. See id. at 120 n.4 (holding that "where a state court has *in fact* reopened direct review, the conviction is rendered nonfinal for the purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal" (emphasis added)); Culp v. Warden of Lee Corr. Inst., No. 10-946, 2010 WL 5060595, at *5 n.3 (D.S.C. Nov. 15, 2010), R&R adopted, 2010 WL 5055931 ("Since no state court ever found that [petitioner] was entitled to an out-of-time [direct] appeal, Jimenez does not apply.").

(internal citation omitted).  Based on this finding, the magistrate judge concluded that if § 2244(d)(1)(D) applied, the AEDPA statute of limitations would begin to run on Ground Seven on May 25, 2004, the date on which Reddic filed his first PCR application.

Reddic correctly objects that the magistrate judge misconstrues the habeas claim at issue for which the factual predicate could be known.  The magistrate judge views Reddic's claim as one based solely on his plea counsel's failure to file a direct appeal; however, the actual claim asserted in the habeas petition is that "[t]he PCR judge erred in finding that Petitioner was not entitled to a belated direct appeal."  Pet'r's PCR App. 14.

According to Reddic, the factual predicate of this claim could not be known until January 24, 2011, when the South Carolina Court of Appeals ruled that "Petitioner is not entitled to a belated direct appeal."  Under § 2244(d)(1)(D), the statute of limitations on this claim would not have begun to run until January 24, 2011, rendering Ground Seven of the habeas petition, filed on January 19, 2012, timely.  The court agrees:  the basis of Reddic's claim that the South Carolina courts erred in denying a belated direct appeal could not have been known until the South Carolina Court of Appeals actually denied a belated direct appeal.  See DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006) (holding that petitioner's claim that a state court improperly denied a motion for delayed direct appeal accrued, and the AEDPA clock began to run under § 2244(d)(1)(D), on the date the state court of appeals denied the motion).  Because the magistrate judge found that Ground Seven was time-barred, the court remands for the magistrate judge to determine whether this claim was properly exhausted and, if so, to consider it on the merits.[6]

---

[6] Only Ground Seven of Reddic's habeas petition warrants further consideration at this time.  The AEDPA statute of limitations applies on a claim-by-clam basis, see Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013), and in his objections to the R&R, Reddic only asserts that "the belated

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's R&R, **GRANTS IN PART** respondent's motion for summary judgment, and **REMANDS** to the magistrate judge for further proceedings consistent with this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 14, 2013**
**Charleston, South Carolina**

---

appeal claim"—i.e., Ground Seven—"is timely pursuant to 28 U.S.C. § 2244(d)(1)(D)."   Pet'r's Obj. 4.