IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jerrell Reddic, | ) | Case No. 8:12-cv-232-DCN-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Attorney General Alan Wilson; Warden | ) | |
| Leroy Cartledge,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court pursuant to the March 14, 2013, Order of the Honorable David C. Norton [Doc. 34] and the renewed motion for summary judgment filed by Respondent [Doc. 37]. Petitioner is a state prisoner who seeks relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY

Petitioner, proceeding pro se, filed this Petition for writ of habeas corpus on January 19, 2012.[2] [Doc. 1.] On April 11, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 16, 17.] On April 12, 2012, the Court filed an

---

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent Attorney General Alan Wilson was terminated as a party on January 27, 2012, as directed by the Court's Order directing Petitioner to bring the case into proper form. [Doc. 7.] Accordingly, throughout this Report and Recommendation the Court refers to Respondent Warden Leroy Cartledge as "Respondent."

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on January 19, 2012. [Doc. 1-2 (envelope stamped as received by prison mailroom on January 19, 2012).]

Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 18.] Petitioner, proceeding with the assistance of counsel, filed a response in opposition on July 16, 2012, in which he elected to proceed on only Grounds Two, Three, Seven, and Nine of his Petition. [Doc. 26.]

On August 13, 2012, the undersigned issued a Report and Recommendation, finding the Petition was time barred and, therefore, Respondent's motion for summary judgment should be granted. [Doc. 29.] On March 14, 2013, the Honorable David C. Norton entered an Order adopting the August 13, 2012 Report and Recommendation as to Grounds Two, Three, and Nine but rejecting it as to Ground Seven. [Doc. 34.] Judge Norton remanded the action to the undersigned "to determine whether [Ground Seven] was properly exhausted and, if so, to consider it on the merits." [*Id.* at 8.]

Accordingly, on March 15, 2013, the parties were directed to address whether Ground Seven is exhausted, whether Ground Seven was procedurally defaulted, and whether the Petition should be granted on the merits of Ground Seven. [Doc. 36 at 7–8.] In compliance with the Order, Respondent submitted a renewed motion for summary judgment [Doc. 37], and Petitioner submitted a response in opposition to the renewed motion [Doc. 39].

## BACKGROUND

Below, the Court has set out those facts pertinent to only Ground Seven. For a full recitation of the background to the Petition, the Court refers to its Report and Recommendation of August 13, 2012. [*See* Doc. 29 at 2–7.]

2

On May 25, 2004, Petitioner filed a pro se application for post-conviction relief ("PCR"), which he subsequently amended. [App. 52–68, 70.] On December 12, 2006, following a hearing in which Petitioner was represented by counsel [App. 82–123], the PCR court filed a written order denying and dismissing Petitioner's PCR application [App. 124–32]. Specifically, the PCR court considered Petitioner's claim of ineffective assistance of counsel for counsel's failure to advise Petitioner of his right to a direct appeal. [App. 127–29.] The PCR court determined Petitioner had failed to prove his claim of ineffective assistance of counsel, Petitioner was notified of his right to appeal by the guilty plea judge, and Petitioner never demonstrated to his plea counsel that he was interested in appealing. [App. 128–29.]

Petitioner ultimately appealed the PCR court's denial of his application through a petition for writ of certiorari pursuant to *Austin v. State*,[3] 409 S.E.2d 395 (S.C. 1991), in the South Carolina Supreme Court. [Doc. 16-1.] Petitioner also filed a petition for writ of

_____

[3] Petitioner requested appellate review pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), of the PCR court's decision on Petitioner's first PCR application. As the South Carolina Supreme Court has explained,

> This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple." This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal.
> An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review.
>
> ***
>
> *Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal.

*Odom v. State*, 523 S.E.2d 753, 755–56, 757 (S.C. 1999) (citations and footnote omitted).

certiorari pursuant to *White v. State*[4] in the South Carolina Supreme Court. [Doc. 16-2.] On January 24, 2011, the South Carolina Court of Appeals filed an order granting Petitioner's petition for writ of certiorari pursuant to *Austin v. State* to conduct a belated review of the denial of Petitioner's PCR application. [Doc. 16-4 at 1.] Upon review, the Court of Appeals found that, because probative evidence supported the PCR court's ruling that plea counsel was not ineffective in failing to assist Petitioner in serving and filing a direct appeal of his guilty plea, Petitioner was not entitled to a belated appeal pursuant to *White v. State*. [*Id.* at 1–2.] Consequently, the Court of Appeals denied the petition for writ of certiorari pursuant to *White v. State* [*id.* at 2], and remittitur was issued on February 23, 2011 [Doc. 16-5].

In this Court, Petitioner filed a pro se Petition for writ of habeas corpus on January 19, 2012. [Doc. 1.] As his seventh ground for relief, Petitioner stated, "The P.C.R. judge erred in finding that petitioner was not entitled to a belated direct appeal" [*id.* at 14], and in response to Respondent's motion for summary judgment, characterized Ground Seven as "whether the state courts properly determined that the Petitioner was not entitled to a belated direct appeal" [Doc. 26 at 4]. As stated, Petitioner elected to proceed only on Grounds Two, Three, Seven, and Nine. [*Id.* at 3.] The undersigned recommended the Petition be dismissed as untimely. [Doc. 29.] In doing so, the undersigned construed Ground Seven as an ineffective assistance of counsel claim. Judge Norton adopted the recommendation as to Grounds Two, Three, and Nine but remanded Ground Seven to the

---

[4] In *White v. State*, the South Carolina Supreme Court held that if the PCR court determines that the applicant never voluntarily and intelligently waived his right to appeal, on appeal of the PCR court's decision, the South Carolina Supreme Court will review the trial record as if a direct appeal had been timely perfected to determine if there was reversible error. 208 S.E.2d 35, 39–40 (S.C. 1974).

undersigned for further consideration.  [Doc. 34.] In his Order remanding the case to the undersigned, Judge Norton found that "the basis of Reddic's claim that the South Carolina courts erred in denying a belated direct appeal could not have been known until the South Carolina Court of Appeals actually denied a belated direct appeal." [*Id.*] Subsequently, the parties were directed to address whether Ground Seven is exhausted, whether Ground Seven was procedurally defaulted, and whether the Petition should be granted on the merits of Ground Seven.  [Doc. 36 at 7–8.]

In his renewed motion for summary judgment, Respondent raises the following arguments:

(1) as clarified by the District Court, Ground Seven is not a cognizable federal habeas claim;

(2) under the two scenarios described in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), Petitioner exhausted a failure-to-follow-instructions claim but did not exhaust a failure-to-consult claim;

(3) "the 'PCR court claim' was not procedurally defaulted because [Petitioner] was not able to take the issue on appeal to the Supreme Court" but "[a]ssuming the issues concerning the sixth amendment cla[]im were timely raised . . . they were defaulted by the untimely claim and statute of limitations"; and

(4) Petitioner is not entitled to relief on the merits of Ground Seven because that claim is not cognizable in federal habeas, the PCR court could not grant a belated direct appeal under *White*, and evidence supports the PCR court's determination that Petitioner was not deprived of his right to a direct appeal.

[Doc. 37.]  In response, Petitioner argues

(1) his belated direct appeal claim is exhausted and no procedural bar applies because the belated direct appeal claim and ineffective assistance of counsel claims are "part and parcel of the same inquiry" such that "[i]nasmuch as the failure-to-consult claim was presented at the PCR hearing and on appeal, it was fairly presented to the state courts prior to being presented to this Court"; and

(2) he is entitled to relief on the merits because his plea counsel was ineffective for failing to consult with Petitioner about an appeal.[5]

[Doc. 39.]  Accordingly, the renewed motion for summary judgment is now ripe for review.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

---

[5]Under *Flores-Ortega*, counsel may render ineffective assistance by failing to file a direct appeal in two situations: "(1) counsel disregards his client's specific instructions to file a direct appeal, and (2) counsel fails to consult with his client regarding a direct appeal when he had a constitutional duty to do so." *Flores-Ortega*, 528 U.S. at 480; *Rodriguez v. Padula*, No. 0:11-cv-01297-RBH, 2012 WL 384862, at *5–6 (D.S.C. Feb. 3, 2012), *vacated on other grounds*, 481 F. App'x 81 (4th Cir. 2012).  Petitioner contends

> "this is a failure-to-consult case, not a failure-to-follow-instructions case," and that it has been properly exhausted as such.  At no point in time has the Petitioner ever contended, as the Respondent argues, that defense counsel failed to follow his direct instructions to file a direct appeal because the Petitioner never testified that such a conversation took place.  Instead, the argument has always been a failure-to-consult claim under <u>Roe</u>.

[Doc. 39 at 6 (citations omitted).]  Thus, the Court considers Ground Seven as raising only a failure-to-consult claim.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

7

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court

8

factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### Procedural Bar

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (I) there is an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

9

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal or (2) by filing an application for PCR.  State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653

S.E.2d 266 (S.C. 2007).[6]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.[7]

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[7] In *State v. McKennedy*, the South Carolina Supreme Court reiterated that a petition for discretionary review to the South Carolina Supreme Court in criminal and post-conviction cases is outside South Carolina's standard review process, and therefore, "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." 559 S.E.2d 850, 854 (S.C. 2002) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts.  *See id.*  Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.  *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

13

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

**Cognizable Federal Claim**

Respondent first contends Ground Seven is not a cognizable ground for federal habeas relief, arguing that, as clarified by Judge Norton, Petitioner has raised a claim seeking review of state procedure.  [Doc. 37-1 at 2–5.] The undersigned agrees that the Order's characterization of the claim appears to be that the PCR court erred in denying Petitioner's direct appeal, which is a distinct inquiry from the Sixth Amendment ineffective assistance of counsel claim.  In the initial Report and Recommendation, in construing the claim as an ineffective assistance of counsel claim, the undersigned recommended that Ground Seven be dismissed as untimely because under § 2244(d)(1)(D), the AEDPA one-year statute of limitations runs from "the date on which the factual predicate of the

claim or claims presented could have been discovered through the exercise of due diligence," if this date is the latest of the four possible starting dates. Petitioner indicated on his first PCR application that his plea counsel did not file a direct appeal [App. 53], therefore the undersigned determined that Petitioner knew the factual predicate for his ineffective assistance claim based on the failure to file a direct appeal at least as of the date he filed his first PCR application, May 25, 2004, and thus the Petition was untimely because more than one year of untolled time passed between the issuance of the remittitur in the appeal of Petitioner's first PCR application—February 22, 2007—and the date Petitioner filed his second PCR application—June 9, 2008. [Doc. 29 at 24]. Judge Norton found, however, that the statute of limitations did not begin to run until January 24, 2011, when the South Carolina Court of Appeals denied Petitioner's belated direct appeal. [Doc. 34 at 8.]

If the claim is construed as an error of the PCR court rather than an ineffective assistance of counsel claim, the claim is not a cognizable federal habeas corpus claim. As the Fourth Circuit has clearly articulated, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). "A state prisoner has no federal constitutional right to post-conviction proceedings in state court." *Lawrence v. Branker*, 517 F.3d 700, 717 (4 th Cir. 2008) (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001)). The reasoning supporting this conclusion is that errors in post-conviction proceedings are attacks on "proceeding[s] collateral to detention and not to the detention itself." *Id.* Therefore, to the extent this claim is interpreted as an error of the

PCR court, Petitioner has not stated a cognizable claim for federal habeas review and the motion for summary judgment should be granted.

Petitioner argues he is presenting a different claim than the claim Respondent contends is not cognizable. [Doc. 39 at 5–6.] Specifically, Petitioner argues he "disagrees with the Respondent's attempt to frame the issue as a 'free-standing claim that the state PCR court erred in its denial of authorizing direct appeal review' because the belated direct appeal and ineffective assistance of counsel claims are part and parcel of the same inquiry." [*Id.* at 5–6.] Though the undersigned finds that the Petitioner has characterized his claim as a separate claim of PCR court error, in an abundance of caution the undersigned has proceeded to consider the merits of the claim as an ineffective assistance of counsel claim.

**Exhaustion and Procedural Default**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Petitioner failed to exhaust and procedurally defaulted a failure-to-consult claim under *Flores-Ortega* because he failed to fairly present the failure-to-consult claim.[8] [Doc. 37-1 at 8–9.] Petitioner argues he has properly exhausted and has not procedurally defaulted his failure-to-consult claim. [Doc.

---

[8] As stated, Petitioner contends that, throughout his proceedings, he has raised only a failure-to-consult claim under *Flores-Ortega*, and accordingly, the Court considers Ground Seven as raising only a failure-to-consult claim. *See supra* note 4.

39 at 6–8.] As explained below, it appears Ground Seven as a failure-to-consult claim may be procedurally barred, but because it is a close question, the Court has considered the merits of Petitioner's claim.[9]

There is no dispute that Petitioner raised a failure-to-consult claim to the PCR court [Doc. 16-6 at 129],[10] but Respondent argues Petitioner raised only a failure-to-follow-instructions claim on appeal of the PCR court's decision to the South Carolina Supreme Court.   In addressing the failure-to-consult claim, the PCR court found Petitioner's counsel's testimony to be credible and held that he "adequately conferred with the [Petitioner], conducted a proper investigation, was thoroughly competent in [his] representation, and that plea counsel's conduct [did] not fall below the objective standard of reasonableness." [*Id.* at 130.]   However, Petitioner argued to the South Carolina Supreme Court that the PCR court erred in "failing to find that petitioner had expressed an interest in an appeal and that plea counsel's conversation with petitioner as he was walking out with him after the plea reasonably led the petitioner to believe that his attorney was handling the appeal for him." [Doc. 16-2 at 17.]   Petitioner's argument to the Supreme Court could be reasonably read to present a failure-to-follow-instructions claim; however, Petitioner specifically stated in his brief to the Supreme Court that he never specifically asked his attorney to handle the appeal (rather, he understood his attorney to have preemptively stated he would handle the appeal), and that the PCR court erred in failing

---

[9] In considering this as an ineffective assistance of counsel claim, the Court need not consider any statute of limitations issues because the Order is now the law of the case, therefore the undersigned adopts January 24, 2011, as the date upon which the statute of limitations for this claim began to run. [See Doc. 34 at 8.]

[10]At the PCR hearing, when asked if he ever indicated to his counsel that he wanted to appeal, Petitioner testified "[h]e told me he was going to handle it so I didn't."

17

to find Petitioner had "expressed an interest in an appeal" [*id.* at 16], which implicates the second prong articulated under the failure-to-consult analysis in *Flores-Ortega*: "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. Because the undersigned finds that whether or not the claim was exhausted to be a close call, the Court proceeds to consider the merits of the argument.

**Merits of Claim**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition involving a claim of ineffective assistance of counsel,[11] assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s

---

[11]In essence, this Court is evaluating the PCR's decision with respect to whether Petitioner's plea counsel was ineffective for failing to advise Petitioner of his right to a direct appeal, which determined whether the PCR court found Petitioner was entitled to a belated direct appeal.  [*See* App. 127–29.]

19

standard."[12]  *Richter*, 131 S. Ct. at 785.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."  *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").  Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent.  *Id.*

In *Flores-Ortega*, the Supreme Court considered when counsel's failure to file a notice of appeal constitutes ineffective assistance.  The Court identified two instances when counsel's failure to file a notice of appeal may constitute ineffective assistance: (1) when counsel disregards the defendant's instruction to file a notice of appeal, and (2) when counsel fails to consult with the defendant about whether to file a notice of appeal, where

---

[12]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. at 687.  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  In the specific context of a guilty plea, to satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.

"consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega, 528 U.S.* at 477–78, 480; *see also Rodriguez v. Padula*, No. 0:11-cv-01297-RBH, 2012 WL 384862, at *4 (D.S.C. Feb. 3, 2012) (delineating claims raised pursuant to *Flores-Ortega* as "failure-to-follow-instructions" and "failure-to-consult" claims), *vacated on other grounds*, 481 F. App'x 81 (4th Cir. 2012). As to whether disregarding instructions or failing to consult constitute deficient performance, the Court recognized that it had "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477. The Court then instructed that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.* at 480. To show prejudice resulting from a failure to consult, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Finally, the Court held that, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*; *see also United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) ("In order to establish a Sixth Amendment violation based on counsel's failure to appeal, [the petitioner] must

21

prove that (1) counsel was ineffective and (2) but for counsel's ineffectiveness, an appeal would have been filed.").

Here, the PCR court held an evidentiary hearing and outlined a factual basis for declining to find that counsel's representation fell below the *Strickland* and *Flores-Ortega* standards. [App. 82–123 (evidentiary hearing), App. 125–29 (PCR court's findings of fact, conclusions of law, and analysis regarding ineffective assistance claims).] As to the claim raised as Ground Seven to this Court, the PCR court made the following findings:

> [T]he Applicant claims ineffective assistance of counsel for the failure of counsel to advise him of his right to direct appeal. Counsel only has a duty to consult with the defendant about an appeal only when there is reason to think either: (1) that a rational defendant would want to appeal; or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000). A highly relevant factor is whether or not the conviction stems from a guilty plea. A "guilty plea reduces the scope of potentially appealable issues and such a plead may indicate that [the] defendant seeks end to judicial proceedings," Id at 470.
>
> Applicant stated that his attorney did not file an appeal like he asked him to. However, Plea counsel testified that the Applicant never asked him to file an appeal, that the Court informed Applicant of his right to appeal, and that he told the Applicant to file an application for PCR.
>
> This Court finds in regards to the allegation of ineffective assistance of counsel, the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that plea counsel's conduct does not fall below the objective standard of reasonableness.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test – that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed

either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of <u>Strickland</u> – that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See <u>Frasier [v. State</u>, 570 S.E.2d 172, 174 (S.C. 2002)].

I further find that the Applicant was notified of his right to appeal by the guilty plea Judge and that the Applicant never demonstrated to plea counsel that he was interested in appealing. *See* <u>Roe v. Flores-Ortega,</u> *supra*. Therefore, the allegation of ineffective assistance of counsel is denied.

[App. 127–29.]

The PCR court properly identified the rules of law under *Strickland* and *Flores-Ortega* that apply to ineffective assistance of counsel claims arising from failure to consult a client on a direct appeal. Therefore, the question for this Court is whether the applications of *Strickland* and *Flores-Ortega* were unreasonable in considering the facts of this case. However, Petitioner argues that this Court should review the application of *Strickland* and *Flores-Ortega* de novo, rather than under the "'doubly deferential' scope of 28 U.S.C. § 2254(d)(1)." [Doc. 39 at 9 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).] First, Petitioner contends that the PCR court failed to properly consider both prongs of *Flores-Ortega*'s failure to consult analysis, and instead only considered whether Petitioner reasonably demonstrated his desire to appeal, and not whether a rational defendant would want to appeal. Petitioner asserts he had rational, non-frivolous grounds for appeal and thus his attorney should have known he wished to appeal. Second, Petitioner argues that the PCR court inappropriately applied a preponderance of the evidence standard to his ineffective assistance of counsel claim, rather than the

reasonable probability standard that is appropriate under *Strickland*. Finally, Petitioner asserts that because the PCR court determined that Petitioner could not demonstrate that counsel improperly failed to consult with him, the PCR court never considered whether this failure to consult resulted in any prejudice and thus the Court should review the prejudice analysis of *Flores-Ortega* de novo. The Court disagrees and declines to review the PCR court's findings de novo.

As an initial matter, the Court finds that the PCR court did consider whether a rational defendant would want to appeal his sentence, i.e. whether there were any rational grounds for appeal. The PCR court heard testimony on and addressed each of Petitioner's purported appellate grounds[13] and found them to be without merit, thus determining that there were no rational basis for appeal. [App. at 124-128.] The PCR court found that "the guilty plea was knowingly and voluntarily entered with a full understanding of the charges and consequences of the plea." [*Id.* at 129.] The PCR court gave credence to counsel's testimony that there was no issue with the indictment. [*Id.* at 127.] Finally, the PCR judge found that the Petitioner was competent and "understood the nature of his plea." [*Id.* at 130.] Moreover, the PCR Court found, and the record demonstrates, that Petitioner was

---

[13] Petitioner laid out three grounds for direct appeal in his brief to the South Carolina Supreme Court pursuant to *White v. State*. Those grounds were:

1. Did the Circuit Court Judge err in accepting the petitioner's guilty plea which was not knowingly or voluntarily entered?

2. Did the Circuit Court Judge err in accepting petitioner's guilty plea despite the fact that the indictment was defective in that it failed to give notice of the charge because the indictment did not identify the time or the place of the victim's death?

3. Did the Circuit Court Judge err in accepting petitioner's guilty plea without first having him evaluated?

[Doc. 16-2 at 3.]

24

properly informed of his right to appeal by the plea judge. [*Id.* at 129.] Therefore, the PCR court did consider whether a rational defendant would want to appeal because of potentially meritorious appealable issues. Because the PCR court considered both prongs of the *Flores-Ortega* analysis,[14] it did not need to reach and decide whether or not any prejudice resulted from the alleged failure to consult.

Next, the Court finds that the PCR court did not apply the inappropriate burden of proof in its order. The PCR court appropriately stated that in a PCR action, pursuant to South Carolina law, "the applicant has the burden of establishing his entitlement to relief by a preponderance of the evidence." [*Id.* at 125; S.C.R. Civ. P. 71.1(e)]. The court then went on to note that under *Strickland*, an applicant must demonstrate that counsel's performance was deficient and that there is a *reasonable probability* that but for the unprofessional conduct, the results of the proceeding would have been different. [Id. at 128 (emphasis added).] Therefore, the PCR court articulated the appropriate standard of evidence.

Having established that the state court applied the appropriate law and that this claim is entitled to deferential review, this Court cannot determine that it is impossible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. The PCR court heard testimony

---

[14]The undersigned notes that the Supreme Court in *Flores-Ortega* found that "[a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." 528 U.S. at 480. The Supreme Court counseled that a court must consider all relevant factors in determining whether to a rational defendant would want to file an appeal. In the instant petition, Petitioner focuses on his allegedly meritorious issues on appeal. The undersigned finds that the PCR court considered the relevant factors, most particularly the potentially meritorious issues on appeal, the guilty plea, and Petitioner's knowledge that there was no negotiated sentencing agreement, in determining that Petitioner did not meet the rational defendant test.

from plea counsel and from Petitioner.  The court then made a credibility determination and gave credence to plea counsel's testimony over Petitioner's.   The court appropriately considered, albeit implicitly, both prongs of the *Flores-Ortega* analysis and determined that counsel's performance was not constitutionally deficient on Petitioner's failure to consult claim.   The PCR court found that plea counsel adequately conferred with Petitioner, investigated the case, was "thoroughly competent" in the representation and that counsel's conduct was objectively reasonable. [*Id.* at 128.] The record supports these conclusions.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that, as to Ground Seven of the Petition, the only remaining ground for relief, Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.


s/ Jacquelyn D Austin
United States Magistrate Judge


August 28, 2013
Greenville, South Carolina