**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| JERRELL REDDIC, | ) | |
| | ) | |
| Petitioner, | ) | No. 8:12-cv-00232-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court grant respondent Warden Leroy Cartledge's motion for summary judgment. Petitioner Jerrell Reddic ("Reddic"), who is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R, grants respondent's motion for summary judgment, and denies the relief requested under § 2254.

## I. BACKGROUND

      Reddic was indicted for murder in April 2002. On September 11, 2003, Reddic pled guilty to the indictment in the Dorchester County Court of General Sessions, and on September 15, 2003, he was sentenced to life imprisonment. No direct appeal was filed. On May 25, 2004, Reddic filed a pro se application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel and that is guilty plea had been unknowing and unintelligent.

      Among other claims, Reddic asserted he did not appeal his sentence because plea counsel failed to file a notice of appeal. A hearing was held on November 7, 2006, where

1

Reddic was represented by Charles T. Brooks, III. Reddic and his plea counsel, John Loy, both testified at the hearing. On December 12, 2006, the PCR court issued a written order dismissing Reddic's application. Brooks filed a notice of appeal with the South Carolina Supreme Court, but on February 7, 2007, the court dismissed the appeal because notice was not timely served.

On June 9, 2008, Reddic filed a second PCR application with Brooks as counsel. In the application, Reddic alleged Brooks failed to file a timely notice of appeal of the first PCR action and requested a belated appeal of the denial of his first PCR application under Austin v. State, 409 S.E.2d 395 (S.C. 1991).[1] The PCR court entered a consent order on July 2, 2008, allowing Reddic to appeal the denial of his first PCR application. Reddic filed a notice of appeal on July 8, 2008. On April 13, 2009, M. Celia Robinson of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari pursuant to Austin in the South Carolina Supreme Court. Robinson also filed a petition for writ of certiorari pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974), arguing, inter alia, that the PCR court erred in denying a belated direct appeal.[2]

On January 24, 2011, the South Carolina Court of Appeals granted Reddic's petition for writ of certiorari under Austin to conduct a belated review of the denial of the first PCR application. Following its review, the court found that evidence supported the

---

[1] "An Austin appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review." Odom v. State, 523 S.E.2d 753, 756 (S.C. 1999).

[2] In White, the South Carolina Supreme Court held that where a PCR judge determines an applicant did not freely and voluntarily waive his direct appeal rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues to determine if there was reversible error. White, 208 S.E.2d at 39-40.

denial of the first PCR application and ruled that plea counsel was not ineffective in failing to file a direct appeal. The court also held that Reddic was not entitled to a belated direct appeal pursuant to White. Remittitur was issued on February 23, 2011.

On January 19, 2012, Reddic, unrepresented at the time, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting nine grounds for relief. On April 12, 2012, respondent filed a motion for summary judgment, and through counsel, Reddic filed a response in opposition on July 16, 2012. In his response in opposition, Reddic narrowed his habeas petition to the four grounds for relief. Following an initial R&R in which the magistrate judge recommended granting dismissing the petition because it was filed outside of the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court granted summary judgment on three grounds and remanded to the magistrate judge for a determination on ground seven of the petition.

Respondent filed a second motion for summary judgment on March 26, 2013. Reddic, through counsel, responded on April 5, 2013. In an R&R filed on August 28, 2013, the magistrate judge recommended that this court grant summary judgment on ground seven. Reddic filed objections on September 16, 2013. The matter is now ripe for the court's review.

## II.  STANDARDS

### A.     28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  The statute requires a petitioner to exhaust all available remedies in state court before the federal court may consider a claim.  § 2254(b)(1)(A).

When a § 2254 petitioner's habeas claim has been adjudicated on the merits in state court proceedings, the federal review court cannot grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); <u>see also</u> <u>Harrington v. Richter</u>, --- U.S. ---, 131 S.Ct. 770, 785 (2011).

Further, AEDPA requires that an application for a writ of habeas corpus be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

### B.    Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### C.    Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary

judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### III.   DISCUSSION

Reddic's seventh ground for relief, which is the only ground remaining, is that the "PCR judge erred in finding that petitioner was not entitled to a belated direct appeal." Pet. 54.  In her R&R, the magistrate judge recommends granting summary judgment because ground seven is not a cognizable federal habeas claim. R&R 15.  Out of an abundance of caution, the magistrate judge also considered the merits of the claim, recommending that summary judgment is appropriate because the PCR court reasonably applied federal law. R&R 25-26.  Reddic objected to the R&R on three grounds: (1) the magistrate judge erred in concluding that his claim is not cognizable in federal court; (2) the magistrate judge erred in concluding that the PCR court properly applied Supreme Court precedent; and (3) the magistrate judge erred in concluding that relief is not warranted on the merits.  Because the court agrees with the magistrate judge that ground seven is not a cognizable federal habeas claim, it foregoes discussion of Reddic's second and third objections.

In its March 14, 2013 order, this court interpreted Reddic's seventh ground for relief as a claim based not on Reddic's plea counsel's failure to file a direct appeal, but rather as asserting an error by the PCR court.[3]  Order 8, ECF No. 34.  It is well-settled

---

[3] Reddic could have asserted a claim for relief based on ineffective assistance of his plea counsel for not consulting with him about filing a direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000) (holding that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing").

that a state prisoner has no federal constitutional right to PCR proceedings in state court. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001). "Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008). Because a petitioner may obtain relief from a state court judgment pursuant to § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), Reddic's complaints about alleged defects in his state PCR proceeding are not cognizable on federal habeas review. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."); Gray v. Stevenson, No. 4:11-cv-227-CMC-TER, 2012 WL 489010, at *17 (D.S.C. Jan. 24, 2012) (holding that grounds for relief "pertain[ing] to errors in the PCR actions . . . should be dismissed") adopted by 2012 WL 488906 (D.S.C. Feb. 15, 2012).

Since this claim is not cognizable on federal habeas review, the court grants respondent's motion for summary judgment.

---

However, that is not the claim he advanced here. Reddic based his seventh ground for relief on the PCR court's failure rather than his plea counsel's failure. Moreover, an ineffective assistance claim would likely be barred by AEDPA's one year statute of limitations. See First R&R, ECF No. 29, at 23 n.15.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2254, and **GRANTS** respondent's motion for summary judgment.

Additionally, the court **DENIES** a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 4, 2014**
**Charleston, South Carolina**